UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOGAN M. GORE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:21-cv-00478-MTS |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction and Improper Venue, Doc. [5]. For the reasons that follow, the Court agrees with the United States that the Eastern District of Missouri is not the proper venue for Gore's Complaint. However, the Court finds it proper to transfer the case to the United States District Court for the Western District of Missouri, so it denies the Motion to Dismiss.

In January 2006, Gore pleaded guilty to one count of Possession of Child Pornography in violation of 18 US.C. § 2252A(a)(5)(B). Docs. [1] ¶ 4; [6] at 2. He was sentenced to 57 months in custody on January 5, 2006 and was released from prison on September 2, 2009. As a result of his guilty plea, Gore is a tier 1 sex offender under 34 U.S.C. § 20911. Docs. [1] ¶ 6; [6] at 2–3. As a requirement of that status, he must register as a sex offender for fifteen years after his release from prison in the jurisdiction in which he resides. 34 U.S.C. § 20915; Doc. [6] at 2–3. Gore filed the instant Complaint seeking from the Court a declaratory judgment that, under 34 U.S.C. § 20915(b) and Mo. Rev. Stat. § 589.401, he no longer has a duty to register as a sex offender. Doc. [1] ¶¶ 8–11. Defendant United States moved to dismiss the Complaint on two grounds: first, that the Court lacks subject matter jurisdiction "over a state's actions regarding its sex offender

1

registry," and second, because the U.S. District Court for the Eastern District of Missouri is not a proper venue for the Complaint. Doc. [5] ¶ 3. The Court concludes that the Eastern District of Missouri is indeed an improper venue, so it need not reach the United States's jurisdictional argument.

Federal Rule of Civil Procedure 12(b)(3) permits a party to move to dismiss an action for improper venue, and 28 U.S.C. § 1406(a) authorizes district courts "of a district in which is filed a case laying venue in the wrong division or district" to either dismiss the case or transfer it "to any district . . . in which it could have been brought." § 1406(a). Under 28 U.S.C. § 1391(e), which provides the rules for venue when the United States is a defendant, venue is proper in any district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no real property is involved in the action. *Buckley v. United States*, 2013 WL 2242995, at *2–3 (E.D. Tenn. May 21, 2013).

This action does not fit into any one of the three categories of § 1391(e). First, for purposes of § 1391(e), the United States is considered to reside in Washington, D.C. *Downey v. United States*, No. 19-00406 LEK-WRP, 2019 WL 4143288, at *4 (D. Haw. Aug. 30, 2019); *Adams, Nash & Haskell, Inc. v. United States*, 2020 WL 1305620, at *2 (D.N.J. Mar. 19, 2020). Second, no substantial part of the events giving rise to Gore's Complaint arose in this District. The basis for Gore's Complaint is his claim that he should no longer be required to register as a sex offender because he meets the statutory requirements for a reduction under 34 U.S.C. § 20915. Under 34 U.S.C. § 20913(a), Gore has a duty to maintain his registration "in each jurisdiction where [he] resides." Gore himself stated in his Complaint that he "now and all times hereinafter mentioned has" resided in Jackson County, Missouri, which is located in the territory of the U.S. District

2

Court for the Western District of Missouri, not this Court. *See* Doc. [1] ¶¶ 2, 8. Accordingly, he is registered as a sex offender in Jackson County. *Id.* ¶ 8. The duty forming the basis for Gore's Complaint—to register as a sex offender where he resides—does not arise in the Eastern District of Missouri. Similarly, given Gore's allegation that he at "all times . . . mentioned" in the Complaint was a resident of Jackson County, the circumstances Gore alleges entitle him to a reduction of the duration of his registration requirement also did not arise or occur in this District. The Court therefore does not find that a substantial part of the events giving rise to Gore's claims occurred here. Third and finally, since Gore resides in Jackson County, Missouri, he does not reside in this District. Because this action does not meet any of the bases for venue laid out in § 1391(e), the Court finds that this District is not a proper venue for Gore's Complaint. But rather than dismiss the Complaint, as the United States requests, the Court finds it is in the interest of justice to transfer the case to the U.S. District Court for the Western District of Missouri, where venue for this action is proper under § 1391(e). *See* 28 U.S.C. § 1406(a); *Dandy v. Ethicon, Inc.*, No. 2:19-2454, 2019 WL 6828613, at *3 (E.D. Penn. Dec. 13, 2019) (transferring case under § 1406(a) where venue was improper and noting that a court may transfer a case *sua sponte*).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant United States of America's Motion to Dismiss for Lack of Jurisdiction and Improper Venue, Doc. [5], is **DENIED**. The Court will transfer this case to the United States District Court for the Western District of Missouri.

A separate Order of Transfer shall accompany this Memorandum and Order.

Dated this 12th day of July, 2021.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE