IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LOGAN M. GORE, III, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 21-CV-00535-SRB |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant the United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. #21.) For the reasons stated below, the motion is DENIED.

## I. FACTUAL BACKGROUND

On September 27, 2005, Logan M. Gore, III ("Plaintiff") pled guilty to one count of Possession of Child Pornography, violating 18 U.S.C. § 2252A(a)(5)(B) in the United States District Court for the Eastern District of Missouri. (Doc. #1, ¶ 4.) Plaintiff was sentenced to 57 months imprisonment followed by a life term of supervised release. (Doc. #1, ¶ 4.) Plaintiff, as a Tier I sex offender, was required to register as a sex offender for fifteen years following his release. (Doc. #1, ¶ 6); *see also* 34 U.S. § 20915(a)(1). Plaintiff was released on September 2, 2009. (Doc. #1, ¶ 4.) Plaintiff completed a sex offender treatment program and was discharged from supervised release on October 21, 2020. (Doc. #1, ¶¶ 4, 7.) Plaintiff currently lives in Jackson County, Missouri, and is a registered sex offender as required by 34 U.S.C. § 20913(a) and Mo. Rev. Stat. § 589.401. (Doc. #1, ¶¶ 2, 8.) Plaintiff requests a declaratory judgment stating that he is no longer required to register as a sex offender under the Sex Offender

Registration and Notification Act 34 U.S.C. § 20911 and Mo. Rev. Stat § 589.401. Defendant moves to dismiss this case, arguing the Court lacks subject matter jurisdiction. Plaintiff disagrees, and the Court addresses the parties' arguments below.

## II. LEGAL STANDARD

Under Rule 12(b)(1), a defendant may move to dismiss a complaint for lack of subject-matter jurisdiction. "In order to properly dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the complaint must be successfully challenged on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (*citing Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)). When, as here, the defendant presents a factual attack on jurisdiction, the Court may consider matters outside of the pleadings without converting the motion into one for summary judgment. *Osborn*, 918 F.2d at 729. The Court is "free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* at 730 (citations and quotations omitted). "[N]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.*

## III. DISCUSSION

Defendant moves to dismiss for lack of jurisdiction arguing the Court "does not have jurisdiction over a state's actions regarding its sex offender registry" and that "Plaintiff's jurisdictional argument hinges on the incorrect premise that Missouri law requires him to obtain a declaratory judgment[.]" (Doc. #21, p. 1.; Doc. #24, p.1.) Plaintiff argues that he is "not asking this Court to declare that the State of Missouri must remove Petitioner from its registry, just that Petitioner no longer has a duty to register under federal law[.]" (Doc # 23, p. 3.) (emphasis omitted).

Missouri law provides two avenues for removal from the Missouri sex-offender registry: (1) the offender "may file a petition in the division of the circuit court in the county . . . in which the offense requiring registration was committed;" (2) if the offender is "required to register in [Missouri] because of an offense that was adjudicated in another foreign jurisdiction," then that offender must "petition for removal in the jurisdiction where the offense was adjudicated" and register that judgment in Missouri. Mo. Rev. Stat. § 589.401.1–401.2. Plaintiff argues he must pursue the second avenue because he was convicted in a foreign jurisdiction – the United States District Court for the Eastern District of Missouri. To do this, Plaintiff alleges he needs a judgment from this court.

"In a case of actual controversy . . . [federal courts] may declare the rights and other legal relations of any interested party seeking such declaration," as opposed to an advisory opinion. 28 U.S.C. § 2201(a). Plaintiff seeks "a Declaratory Judgment from this Court recognizing that he no longer has a duty to register as a sex offender under federal law" – or a declaration of his rights under federal law. (Doc. #1, p. 3.) Such relief would not amount to the Court instructing Missouri on how to conform to its own law as Defendant suggests. If the sought relief was granted, a Missouri court would have the freedom to interpret the declaratory judgment according to its own state law principles. For this reason, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Doc. #21) is DENIED.

**IT IS SO ORDERED.**

Dated: September 27, 2021

/s/ Stephen R. Bough  
STEPHEN R. BOUGH  
UNITED STATES DISTRICT JUDGE